CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com; aito@hibklaw.com

Attorneys for Reorganized Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PANCAKES OF HAWAII, INC.,<br><br>Reorganized Debtor | Case No. 23-00386<br>(Chapter 11)<br>(Subchapter V)<br><br>MOTION FOR ENTRY OF A FINAL<br>DECREE AND ORDER CLOSING<br>CHAPTER 11 CASE; DECLARATION<br>OF ALLISON A. ITO |

## MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE AND PROVIDING FOR THE RETENTION OF JURISDICTION OVER ADVERSARY PROCEEDING

PANCAKES OF HAWAII, INC., the reorganized debtor herein (the

"Debtor"), by and through its undersigned counsel, pursuant to Federal Bankruptcy

90056

Rule of Procedure 3022 and 11 U.S.C. §§ 350 and 1101, moves for entry of a final decree, and order closing its chapter 11 case.

## JURISDICTION

This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The instant proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

1. On May 24, 2023, the Debtor filed a voluntary petition pursuant to Subchapter V of Title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Hawaii (the "Court").

2. On June 16, 2023, the Debtor filed a *Notice of Removal* of a lawsuit that had been pending against it in the Circuit Court of the First Circuit, commencing Adversary Proceeding No. 23-90008.[1] *See* Adv. Pro. No. 23-90008 ("Adversary Proceeding") dkt. # 1.

---

[1]     The removed lawsuit was commenced by FPA Kapiolani Associates LLC on September 1, 2022, with the filing of a summary possession / breach of contraction lawsuit against the Debtor in the Circuit Court for the First Circuit of the State of Hawaii, styled FPA Kapiolani Associates LLC vs. [Debtor], 1DRC-22-0005523 (the "Lawsuit")

2

3. On August 2, 2023, FPA Kapiolani Associates LLC (the "Landlord") filed an unsecured proof of claim ("POC # 3") for $344,649, based on its claims in the Lawsuit for unpaid rent, lease termination, and other fees and costs.

4. On February 20, 2024, the Debtor filed its *Small Business Debtor's First Amended Plan of Reorganization* (the "Plan"). The Plan provided for a payment of a pro rata share of $325,000 to general unsecured creditors within seven (7) days of the date which an order allowing the Claim of Landlord is entered by the Bankruptcy Court. *See* dkt. # 91 at pdf 16.

5. At a confirmation hearing held on February 26, 2024, the Court orally confirmed the Plan, as a non-consensual plan.

6. On March 22, 2024, the Court entered its *Findings of Fact and Conclusions of Law in Support of Order Confirming [Plan]* (the "Findings"), and *Order Confirming the [Plan]* ("Confirmation Order"). *See* dkt. ## 103, 104.

7. The Effective Date of the Plan was April 5, 2024 and the Debtor has commenced distributions under the Plan. *See* dkt. ## 115 and 157.

8. The Landlord and the Debtor have also stipulated to the dismissal of the Adversary Proceeding. *See* dkt. #29, Adv. Pro. No. 23-90008.

## RELIEF REQUESTED AND BASIS

9. Pursuant to the Motion, the Debtor seeks an order closing this chapter

3

11 case and entering a final decree in this case, but retaining jurisdiction over the Adversary Proceeding and the Claim Objection in this case.

10. Section 350(a) of the Bankruptcy Code states "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure states, "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bk.Pro. R. 3022.

11. "Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved." *Ground Sys. v. Albert (In re Ground Sys.)*, 213 B.R. 1016, 1019 (B.A.P. 9th Cir. 1997), quoting 1991 Amendments to Federal Rules of Bankruptcy Procedure 3022 advisory committee note.

12.    These factors are not exhaustive, nor must all six factors be present. *See In re Provident Fin., Inc.*, 2010 Bankr. LEXIS 5047, 2010 WL 6259973, at *9 (9th Cir. B.A.P. 2010), aff'd, 466 Fed. Appx. 672, 2012 WL 172887 (9th Cir. Jan. 17, 2012) ("bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in [Bankruptcy] Rule 3022, along with any other relevant factors.").

13.    The test of Section 350(a) and Rule 3022 is flexible. *See In re Jay Bee Enterprises, Inc.*, 207 B.R. 536 (Bankr. E. D. Ky. 1997).

14.    A Chapter 11 estate is "fully administered" pursuant to Rule 3022 at the point of "substantial consummation" as defined by Section 1101(2) of the Bankruptcy Code. Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as (1) the transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of the property dealt with by the plan; and (3) commencement of distribution under the plan. 11 U.S.C. § 1101(2).

15.    The fact that a Chapter 11 plan is "substantially consummated" as defined by Section 1101(2) of the Bankruptcy Code is compelling reason to find that the estate is fully administered and may be closed.

U.S. Bankruptcy Court - Hawaii   #23-00386   Dkt # 123   Filed  12/15/25   Page 5 of 7

16. Closing the case is in the best interest of the Debtor and the estate. The Adversary Proceeding was dismissed.

17. Accordingly, the Debtor respectfully requests that the Court close this chapter 11 case, but retain jurisdiction over the Adversary Proceeding.

**NOTICE**

18. Per Local Bankruptcy Rule 3022-1, notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the U.S. Trustee; (ii) the holders of the 20 largest unsecured claims; and (iii) any party requesting notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an order closing the case; (b) enter a final decree herein, and (c) grant such additional relief as the Court deems necessary and appropriate.

DATED: Honolulu, Hawaii, December 15, 2025.

/s/ Allison A. Ito
CHUCK C. CHOI
ALLISON A. ITO
Attorneys for Reorganized Debtor

6

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 23-00386 |
| | (Chapter 11) |
| PANCAKES OF HAWAII, INC., | (Subchapter V) |
| Reorganized Debtor | |

## DECLARATION OF ALLISON A. ITO

I, ALLISON A. ITO, hereby declare that, if called as a witness in this action, I could and would testify competently of my own personal knowledge as follows:

1.      I am counsel for PANCAKES OF HAWAII, INC., reorganized debtor herein ("Debtor").  I make this declaration in support of the *Motion For Entry Of A Final Decree and Order Closing Chapter 11 Case* ("Motion").  Capitalized terms not herein defined shall have the meaning set forth in the Motion.

2.      I have reviewed the Motion, and all of the factual allegations in the Motion are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Honolulu, Hawaii, December 15, 2025.

/s/ Allison A. Ito
ALLISON A. ITO

7

U.S. Bankruptcy Court - Hawaii  #23-00386  Dkt # 123  Filed  12/15/25  Page 7 of 7